UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| AMUN HONDO EL, | ) | 1:11CV2342 |
| also known as Mario Herring, | ) | |
| | ) | |
| Petitioner | ) | JUDGE JACK ZOUHARY |
| | ) | (Magistrate Judge Kenneth S. McHargh) |
| v. | ) | |
| | ) | |
| MICHELLE MILLER, | ) | |
| Warden, | ) | |
| | ) | |
| Respondent | ) | REPORT AND RECOMMENDED |
| | ) | <u>DECISION OF MAGISTRATE JUDGE</u> |

McHARGH, MAG. J.

The petitioner Amun Hondo El[1] ("Hondo") filed a petition for a writ of habeas

corpus, under 28 U.S.C. § 2254, regarding his 2010 convictions in the Cuyahoga

County (Ohio) Court of Common Pleas for attempted tampering with evidence,

assaulting a peace officer and drug trafficking.  (Doc. 1.)

In his petition, Hondo raises four grounds for relief:

1.  Petitioner was assaulted by Officer Smith #1912, ATF Agent Hall,
Det. Glover, and two other plainclothes officers, and coerced to plead
guilty.

2.  Grand Jury manifested prejudice and trial judge violated his oath of
office and canon rules.

3.  I am a citizen and domicillary of a foreign country and I am in
accordance with the expatriation laws of the U.S.

4.  F.S.I.A. (Foreign Sovereign Immunities Act)

---

[1]  Hondo was indicted under a former name, Mario Herring.  (Doc. 6, RX 1.)

(Doc. 1, § 12.)

The respondent has moved to dismiss the petition on the basis that Hondo

has not exhausted his claims in the state courts.  (Doc. 6.)  Hondo has filed an

opposition.  (Doc. 7.)

## I.  HABEAS CORPUS REVIEW

This case is governed by the Antiterrorism and Effective Death Penalty Act of

1996 (AEDPA), 28 U.S.C. § 2254, which provides the standard of review that federal

courts must apply when considering applications for a writ of habeas corpus.  Under

the AEDPA, federal courts have limited power to issue a writ of habeas corpus with

respect to any claim which was adjudicated on the merits by a state court.  The

Supreme Court, in Williams v. Taylor, provided the following guidance:

> Under § 2254(d)(1), the writ may issue only if one of the following two
> conditions is satisfied -- the state-court adjudication resulted in a
> decision that (1) "was contrary to ... clearly established Federal law, as
> determined by the Supreme Court of the United States," or (2)
> "involved an unreasonable application of ... clearly established Federal
> law, as determined by the Supreme Court of the United States."
> Under the "contrary to" clause, a federal habeas court may grant the
> writ if the state court arrives at a conclusion opposite to that reached
> by this Court on a question of law or if the state court decides a case
> differently than this Court has on a set of materially indistinguishable
> facts.  Under the "unreasonable application" clause, a federal habeas
> court may grant the writ if the state court identifies the correct
> governing legal principle from this Court's decisions but unreasonably
> applies that principle to the facts of the prisoner's case.

Williams v. Taylor, 529 U.S. 362, 412-13 (2002).  See also Lorraine v. Coyle, 291

F.3d 416, 421-422 (6th Cir. 2002), cert. denied, 538 U.S. 947 (2003).

A state court decision is "contrary to" clearly established Supreme Court precedent "if the state court applies a rule that contradicts the governing law set forth in [Supreme Court] cases."  Williams, 529 U.S. at 405.  See also Price v. Vincent, 538 U.S. 634, 640 (2003).

A state court decision is not unreasonable simply because the federal court considers the state decision to be erroneous or incorrect.  Rather, the federal court must determine that the state court decision is an objectively unreasonable application of federal law.  Williams, 529 U.S. at 410-12; Lorraine, 291 F.3d at 422.

## II. PROCEDURAL BACKGROUND

Hondo was indicted on several charges by a Cuyahoga County Grand Jury in February 2008.  (Doc. 6, RX 1.)  Hondo filed a plea of not guilty to all charges.  (Doc. 6, RX 2.)

In Feb. 2010, Hondo filed a motion to dismiss, which was denied by the trial court.  (Doc. 6, RX 3, 4.)  The following month, Hondo filed requests for a writ of mandamus to compel the trial judge to rule on pending motions.  (Doc. 6, RX 22, exh. A, and RX 25.)  The writ was denied, in part because it was premature.[2]  (Doc. 6, RX 23; State ex rel. Hondo v. McGinty, No. 94915, 2010 WL 2539643 (Ohio Ct. App. June 23, 2010).)

---

[2]  "An action in mandamus seeking to compel a court to rule on a motion is premature if the complaint [is] filed fewer than 120 days after the filing of the motion."  (Doc. 6, RX 23, at 2.)

3

In April 2010, Hondo sought to disqualify the trial judge, based on an argument that the judge did not have proper jurisdiction over Hondo, who claims status as a "Moorish American National," which relief was not granted.  (Doc. 6, RX 28-29.)

Hondo pled guilty to several counts[3] of the indictment on Nov. 4, 2010, and the remaining counts were nolled.  (Doc. 6, RX 5.)  That same day, Hondo was sentenced to an agreed sentence of two years for each count, to be served concurrently.  On Jan. 28, 2011, the court corrected the sentencing entry, imposing concurrent sentences of eighteen months for three counts, to be followed by a consecutive sentence of six months for the drug trafficking charge.  (Doc. 6, RX 7.) The total sentence to be served remained two years, then.

Hondo did not appeal his conviction, or his sentence.

On Nov. 16, 2010, Hondo filed an "Affidavit of Fact Motion to Vacate First Plea Offer in Exchange for the Other Plea Offer," which asserted that his plea was coerced, and that the criminal proceedings were not conducted in accordance with due process.  (Doc. 6, RX 8.)  It does not appear that the state court ruled on this affidavit/motion to "exchange" plea offers (doc. 6, RX 18, exh. 3, at 2 (docket)), and Hondo does not reference this filing in his Petition.

At about that same time, Nov. 15, 2010, Hondo filed a civil rights complaint under 42 U.S.C. § 1983 in this court, against the trial judge.  (Doc. 6, RX 9, 11;

---

[3] Attempted tampering with evidence, two counts of assaulting a peace officer, and one count of drug trafficking.  (Doc. 6, RX 5.)

4

Hondo v. McGinty, No. 1:10CV2607 (N.D. Ohio filed Nov. 15, 2010).)  Hondo claimed that the defendant (state trial judge) violated his constitutional right to a fair trial by not ruling on his motions, and violating judicial "Canon Rules 5(E), (F)." He also asserted that the state court had no jurisdiction, because Hondo "is not apart of this society in accordance with the expatriation laws" because he is "a Moorish American or Moor protected by the Treaty of Peace and Friendship[4] via 1787."  (Doc. 6, RX 9.)  The district court dismissed the action pursuant to 28 U.S.C. § 1915A, ruling that, because the complaint challenged the validity of his convictions and confinement, his sole federal remedy was a writ of habeas corpus. The court also noted that the state trial judge was immune from liability for actions taken in the scope of his official duties.  (Doc. 6, RX 12; Hondo v. McGinty, No. 1:10CV2607 (N.D. Ohio Jan. 20, 2011).)

On Feb. 18, 2011, Hondo filed a petition for a writ of habeas corpus in state court, but voluntarily dismissed the petition.  (Doc. 6, RX 14, 16.)  Hondo filed a

---

[4]  Hondo references the Treaty of Peace and Friendship signed between the Emperor of Morocco and the United States in 1786 (ratified in 1787), and renewed in 1836 (ratified in 1837).  See, e.g., doc. 6, RX 28 (Affidavit to Disqualify); see generally Treaties and Other International Acts of the United States of America, ed. by Hunter Miller, Vol. 2 (1787 treaty) and Vol. 4 (1836 treaty).

It does not appear that the treaties purport to grant Moroccan citizenship to Americans of African descent.  According to the article, "First Barbary War," on the Wikipedia website:  "Morocco was the first Barbary Coast state to sign a treaty with the U.S. on June 23, 1786.  This treaty formally ended all Moroccan piracy against American shipping interests."  [http://en.wikipedia.org/wiki/First_Barbary_War# Peace_treaty_and_legacy] (retrieved June 22, 2012).

second petition for a writ of habeas corpus in state court on Apr. 25, 2011.  (Doc. 6, RX 17.)  He claimed that "the trial court lacked jurisdiction over him, that his plea was coerced, that the sentencing judgment was void due to an error regarding post-release control and that the sentence did not comply with [Ohio Rev. Code § ] 2929.14(A)."  (Doc. 6, RX 19, at 1; see generally doc. 6, RX 17.)

The Ohio Court of Appeals denied his petition.  (Doc. 6, RX 19.)  The court rejected his jurisdictional argument, and ruled that "even if defendant is an alien under United States law, he must obey the laws of the United States."  (Doc. 6, RX 19, at 2, citing Kerr v. Hedrick, No. 03-1667, 2004 WL 259210 (6th Cir. Feb. 10, 2004); Allah El v. District Atty. for Bronx County, No. 09CV8746, 2009 WL 3756331, at *1 (S.D. N.Y. 2009); and other cases.)

The court noted that, under Ohio law, a writ of habeas corpus will only be issued "where there is no adequate legal remedy at law, such as a direct appeal or post-conviction relief."  As to the allegation that his plea was coerced, the court found that habeas relief was not appropriate as the validity of his plea could have been raised on direct appeal.  (Doc. 6, RX 19, at 1-2.)

Addressing his claims concerning sentencing, the court found that there were no errors in sentencing, but more importantly, that sentencing errors cannot be remedied by extraordinary writ.  (Doc. 6, RX 19, at 3-4.)

Hondo attempted to file a motion for delayed appeal with the Supreme Court of Ohio, which rejected it on the basis that its rules do not permit motions for

delayed appeal involving postconviction relief, which includes the denial of a state habeas petition.  (Doc. 7, at 3, and PX A.)

Hondo filed this (federal) petition for a writ of habeas corpus on Oct. 31, 2011.  (Doc. 1.)

### III.  MOTION TO DISMISS

The respondent has filed a motion to dismiss the petition.  (Doc. 6.)  The respondent contends that the court is confronted with a "mixed" petition, because the first and second grounds of the petition have not been exhausted on direct appeal.  (Doc. 6, at 8.)  The respondent asserts that Hondo still has the remedy of a delayed appeal available to pursue his claims.  Id. at 8-9.

The respondent moves the court to dismiss the petition, rather than grant a stay, on the basis that if a delayed appeal is granted, Hondo will not be in danger of having his habeas claims time-barred.  Secondly, the respondent contends that Hondo "has failed to show good cause for his failure to exhaust his state court remedies."  (Doc. 6, at 9.)

A "mixed" petition contains both unexhausted and exhausted claims.  Pliler v. Ford, 542 U.S. 225, 227 (2004).  Where a district court is confronted with a mixed petition containing unexhausted claims, the Sixth Circuit has presented a choice of four options:

> (1) dismiss the mixed petition in its entirety, [Rhines v. Weber, 544 U.S. 269, 274 (2005)], 125 S.Ct. 1528; (2) stay the petition and hold it in abeyance while the petitioner returns to state court to raise his

unexhausted claims, id. at 275, 125 S.Ct. 1528; (3) permit the petitioner to dismiss the unexhausted claims and proceed with the exhausted claims, id. at 278, 125 S.Ct. 1528; or (4) ignore the exhaustion requirement altogether and deny the petition on the merits if none of the petitioner's claims has any merit, 28 U.S.C. § 2254(b)(2). See Rockwell v. Yukins, 217 F.3d 421, 425 (6th Cir. 2000).

Harris v. Lafler, 553 F.3d 1028, 1031-1032 (6th Cir. 2009); see also Wagner v.

Smith, 581 F.3d 410, 419 (6th Cir. 2009).

> The "stay-and-abeyance" procedure is used in circumstances where:

> . . . a petitioner comes to federal court with a mixed petition toward the end of the limitations period, [and] a dismissal of his mixed petition could result in the loss of all of his claims – including those already exhausted – because the limitations period could expire during the time a petitioner returns to state court to exhaust his unexhausted claims.

Pliler, 542 U.S. at 230.  The stay-and-abeyance procedure involves three steps:

> . . . first, dismissal of any unexhausted claims from the original mixed habeas petition; second, a stay of the remaining claims, pending exhaustion of the dismissed unexhausted claims in state court; and third, amendment of the original petition to add the newly exhausted claims that then relate back to the original petition.

Id. at 230-231.

The Supreme Court in Rhines v. Weber held that district courts have discretion, in limited circumstances, to hold mixed petitions in abeyance, rather than dismissing them.  Wiedbrauk v. Lavigne, No. 04-1793, 2006 WL 1342309, at *5 (6th Cir. May 17, 2006), cert. denied, 549 U.S. 961 (2006) (citing Rhines, 544 U.S. 269).  However, the Supreme Court has cautioned that "stay and abeyance should be available only in limited circumstances."  Rhines, 544 U.S. at 277;

8

Wiedbrauk, 2006 WL 1342309, at *5.  The procedure is appropriate only when the petitioner had good cause for a failure to exhaust.  Rhines, 544 U.S. at 277.

The first question, then, is whether Hondo has exhausted the claims of his petition.

## IV.  EXHAUSTION

A habeas petitioner cannot obtain relief unless he has completely exhausted his available state remedies.  Coleman v. Thompson, 501 U.S. 722, 731 (1991); Buell v. Mitchell, 274 F.3d 337, 349 (6th Cir. 2001) (citing Coleman v. Mitchell, 244 F.3d 533, 538 (6th Cir.), cert. denied, 534 U.S. 977 (2001)).  To satisfy the exhaustion requirement, a habeas petitioner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process."  O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999); Banks v. Jackson, No. 03-1364, 2005 WL 2108358, at *3 (6th Cir. Aug. 31, 2005).  The exhaustion requirement is satisfied when the highest court in the state has been given a full and fair opportunity to rule on the petitioner's claims.  Rust v. Zent, 17 F.3d 155, 160 (6th Cir. 1994) (citing Manning v. Alexander, 912 F.2d 878, 881 (6th Cir. 1990)).

A habeas petition cannot be granted unless "the applicant has exhausted the remedies available in the courts of the State."  Banks, 2005 WL 2108358, at *3. The petitioner "need not exhaust any and all remedies that are potentially available to him in state court," only those remedies which comprise the state's standard

9

appellate review process.  Clinkscale v. Carter, 375 F.3d 430, 439 (6th Cir. 2004), cert. denied, 543 U.S. 1177 (2005) (citing O'Sullivan, 526 U.S. at 844-845); see also United States ex rel. Ross v. LaVallee, 448 F.2d 552, 553 (2d Cir. 1971) (exhaustion requirement applies only to direct appeal, not to collateral post-conviction relief).

This court does not have jurisdiction to consider a federal claim in a habeas petition which was not fairly presented to the state courts.  Baldwin v. Reese, 541 U.S. 27 (2004); Jacobs v. Mohr, 265 F.3d 407, 415 (6th Cir. 2001).  Hondo did not raise his claims on direct appeal, nor did he file a petition for post-conviction relief under Ohio Rev. Code § 2953.21.

Hondo did, however, file a state petition for a writ of habeas corpus.  (Doc. 6, RX 17.)  The Ohio Court of Appeals denied his petition.  (Doc. 6, RX 19.)  The court rejected his argument that "the trial court did not have jurisdiction over him because he is a 'Moorish' citizen," and ruled that "even if defendant is an alien under United States law, he must obey the laws of the United States."  (Doc. 6, RX 19, at 1-2.)  See generally Kerr, 2004 WL 259210; Allah El, 2009 WL 3756331, at *1 (citing cases).

The court also pointed out that "as there is an adequate remedy at law for the alleged errors in the proceedings before the trial court and there is no basis to find that the judgment is void due to lack of jurisdiction, the issuance of a writ of habeas corpus does not lie."  Id. at 4.  See generally Mosely v. Echols, 62 Ohio St.3d 75, 76, 578 N.E.2d 454, 455 (1991) (per curiam).

10

As the state court noted, under Ohio law, the issuance of a writ of habeas corpus is narrowly restricted.  The statutory post-conviction remedies in Ohio Rev. Code § §§ 2953.21 - 2953.24 have replaced the previous relief available through a state writ of habeas corpus.  Knox v. Maxwell, 277 F.Supp. 593, 598 (N.D. Ohio 1967) (citing Freeman v. Maxwell, Warden, 4 Ohio St.2d 4, 210 N.E.2d 885 (1965)).

"When a person is confined by order of a court having proper jurisdiction, the writ of habeas corpus may not be allowed."  Mosely, 62 Ohio St.3d at 76, 578 N.E.2d at 455 (citing Ohio Rev. Code § 2725.05).  Under Ohio law,

> Habeas corpus may not be used as a substitute for appeal or post-conviction relief.  If an issue raised in a petition for a writ of habeas corpus could have been raised on direct appeal or in a petition for post-conviction relief, the petition for a writ of habeas corpus will be denied.

Gibson v. Wilson, No. 08CA85, 2009 WL 449182, at *2 (Ohio Ct. App. Feb. 20, 2009) (citing cases).  See, e.g., State ex rel. Shackleford v. Moore, 116 Ohio St.3d 310, 311, 878 N.E.2d 1035, 1036 (2007) (per curiam) (affirming dismissal of habeas petition where petitioner had adequate remedy in ordinary course of law, i.e., appeal and postconviction relief).

A state habeas corpus proceeding is considered collateral review.  Pratts v. Hurley, 102 Ohio St.3d 81, 806 N.E.2d 992, 994 (2004); In re Ross, 154 Ohio App.3d 1, 8, 796 N.E.2d 6, 11 (Ohio Ct. App. 2003) (per curiam).  Thus, seeking state habeas relief does not generally enter into the exhaustion equation.  See generally Knox, 277 F.Supp. at 600 (state habeas can no longer be used to challenge validity of conviction).

11

Hondo has failed to exhaust his first and second claims because he did not raise his claims on direct appeal, nor did he file a petition for post-conviction relief. As respondent notes (doc. 6, at 8), Hondo has an available state remedy, namely, filing a motion for a delayed appeal under Ohio App. Rule 5(A).  See, e.g., Knox, 277 F.Supp. at 601 (delayed appeal is adequate remedy which must be exhausted, when available).  A remedy is "available" if the petitioner has the legal right "to raise, by any available procedure, the question presented."  Banks, 2005 WL 2108358, at *3. Although it is debatable whether the Ohio Court of Appeals would entertain his claims, it is not clear that the claim(s) would be procedurally barred, and this court cannot consider the claims procedurally defaulted at this juncture.  See Banks, 2005 WL 2108358, at *3; Tolbert v. Tate, 37 F.3d 1500, 1994 WL 532965, at *1-*2 (6th Cir. 1994) (TABLE, text in WESTLAW); Brewer v. Dahlberg, 942 F.2d 328, 340 (6th Cir. 1991) (uncertainty whether Ohio courts will consider claim on merits not enough to render state process futile.).

The court finds that, in light of the fact that a stay should be available only in limited circumstances, a stay and abeyance is not appropriate in this case. Rhines, 544 U.S. at 277; Wiedbrauk, 2006 WL 1342309, at *5.  Hondo has not demonstrated good cause for his failure to exhaust his remedies in state court. Rhines, 544 U.S. at 277; see generally doc. 7.

Hondo has failed to exhaust his available state remedies.  Thus, it is recommended that the court grant the motion to dismiss the petition.  Pliler, 542 U.S. at 230; Rose v. Lundy, 455 U.S. 509, 522 (1982).

<u>RECOMMENDATION</u>

It is recommended that the petition for a writ of habeas corpus be dismissed.


Dated:  __June 29, 2012__          __/s/ Kenneth S. McHargh__
                                   Kenneth S. McHargh
                                   United States Magistrate Judge

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days of receipt of this notice.  Failure to file objections within the specified time WAIVES the right to appeal the District Court's order.  See Thomas v. Arn, 474 U.S. 140 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).

13